UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Patrick L. Davis,<br><br>          Plaintiff,<br><br>vs.<br><br>Allied Interstate, LLC, a/k/a Allied Interstate, Inc.<br><br>          Defendant. | Civil File No.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Patrick L. Davis ("David" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Allied Interstate, LLC a/k/a Allied Interstate, Inc. ("Allied" or "Defendant"), upon information and belief, is a company that operates as a debt

collection agency from an address of 3000 Corporate Exchange Drive, 5th Floor, Columbus, Ohio 43231. Allied is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with an Daley College, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before July 2011.

9. On or about July 26, 2011 and continuing through August 1, 2011, Allied communicated with Plaintiff by leaving scripted telephonic messages in an attempt to collect this debt.  Each of these scripted telephonic messages was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. In these scripted telephonic messages, Allied violated 15 U.S.C. §§ 1692d and 1692d(6) of the FDCPA because Allied did not "meaningfully disclose" its identity and that Allied is a debt collector calling to collect a debt.  Allied also violated 15 U.S.C. §§ 1692e, and 1692e(11) of the FDCPA because Allied failed to sufficiently disclose to Plaintiff that it was a debt collector and that the communication was from a debt collector.

11. Specifically, for example, Allied left the following scripted telephonic message for Plaintiff on or about July 26, 2011: "Patrick Davis. This is Alexis. I need for you to return my call today. My direct number is 866-347-9513. I just received some of your personal information in my office that I want to go over with you. Again, my number is 866-347-9513. Thank you." End of message.

12. On or August 1, 2011, Allied left the following scripted telephonic message for Plaintiff: "Hey Patrick. Um, give me a call back. It's Matt. Um, you can call me 866-347-9513. I'll be here for about another hour. Um, really look forward to hearing back from you. Thanks." End of message.

13. Based upon information and belief, Allied has left multiple messages in addition to the aforementioned telephonic messages in violation of 15 U.S.C. §§ 1692d, 1692d(6), 1692e, and 1692e(11).

14. Allied's aforementioned telephonic messages violated 15 U.S.C. § 1692e(10) because Allied employed false and deceptive means in an attempt to collect a debt and in connection with the collection of a debt.

15. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by Allied.

16. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of Allied's acts and omissions.

*Respondeat Superior Liability*

17. The acts and omissions of Defendant's employee(s), who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Allied.

18. The acts and omissions by Defendant's employee(s) were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Allied in collecting consumer debts.

19. By committing these acts and omissions against Plaintiff, Defendant's employee(s) was motivated to benefit their principal, Allied.

20. Defendant Allied is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

22. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

23. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq.*

24. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

25. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

26. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

- For such other and further relief as may be just and proper.

Dated:  August 30, 2011.                    **MARSO AND MICHELSON, P.A.**


                              By:     s/Patrick L. Hayes
                                    Patrick L. Hayes (0389869)
                                    William C. Michelson (129823)
                                    Attorneys for Plaintiff
                                    3101 Irving Avenue South
                                    Minneapolis, Minnesota 55408
                                    Telephone: 612-821-4817
                                    phayes@marsomichelson.com